UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 17-CR-0141 (PJS/BRT) |
| | Case No. 20-CV-1415 (PJS) |
| Plaintiff/Respondent, | |
| v. | ORDER |
| DEVONTE LEE CARTER, | |
| Defendant/Petitioner. | |

Lisa D. Kirkpatrick, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Keala C. Ede, OFFICE OF THE FEDERAL DEFENDER, for defendant.

Defendant Devonte Lee Carter is serving a 70-month sentence after pleading guilty to being a felon in possession of a firearm.  ECF Nos. 43, 57.  This matter is before the Court on Carter's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  ECF No. 70.  Carter argues that under the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), his guilty plea is defective and his conviction is void.  For the reasons that follow, the Court denies Carter's motion.  The Court also finds that an evidentiary hearing is unnecessary, because "the motion and the files and records of the case conclusively show that [Carter] is entitled to no relief."  28 U.S.C. § 2255(b).

I. BACKGROUND

Carter pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In his plea agreement, Carter admitted to three elements of the offense: (1) "defendant admits he knowingly possessed the firearm"; (2) "[t]he firearm was manufactured in another state and traveled thereafter to the State of Minnesota"; and (3) "[d]efendant was prohibited from lawfully possessing a firearm because of prior felony convictions, punishable by imprisonment for a term exceeding one year." ECF No. 43 at 2. The plea agreement also identified three of Carter's prior felony convictions: simple robbery, forgery, and aiding and abetting aggravated robbery. *Id.* The presentence report ("PSR") identified a fourth: check forgery. ECF No. 48 ¶ 36. At sentencing, the Court accepted the plea agreement and imposed a sentence of 70 months, the bottom of the range recommended by the United States Sentencing Guidelines. ECF No. 67 at 10:2–6. Carter did not appeal.

II. ANALYSIS

After Carter was sentenced, the Supreme Court held in *Rehaif* that, in order to obtain a conviction under § 922(g), the government must prove that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Carter's plea agreement did not include this knowledge-of-status element, and therefore Carter's guilty plea was constitutionally defective. *See*

*United States v. Coleman*, 961 F.3d 1024, 1027–28 (8th Cir. 2020), *petition for cert. filed* (U.S. Dec. 29, 2020) (No. 20-6714); *United States v. Fleming*, Nos. 18-CR-0101(1) (PJS/SER), 20-CV-01607 (PJS), 2020 WL 5407911, at *1 (D. Minn. Sept. 9, 2020).

This Court has previously determined that *Rehaif* recognized a new right that is retroactively applicable on collateral review. *United States v. Bugh*, 459 F. Supp. 3d 1184, 1189 & n.13 (D. Minn. 2020).[1] Moreover, the parties agree that Carter's habeas petition is timely. ECF No. 75 at 4 n.1. However, because Carter did not challenge the validity of his plea on direct appeal, his claim is procedurally defaulted. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

To overcome procedural default, a defendant must show either (1) cause and actual prejudice or (2) actual innocence.[2] *Id.* Carter does not argue actual innocence,[3]

---

[1]The government argues that Carter's claim is not cognizable because the *Rehaif* error is nonjurisdictional, and Carter's guilty plea waived all nonjurisdictional defects. ECF No. 75 at 8–10. The Court disagrees. A guilty plea waives all nonjurisdictional defects only when entered into "after full compliance with Rule 11" of the Federal Rules of Criminal Procedure. *Weisser v. Ciccone*, 532 F.2d 101, 104 (8th Cir. 1976). The Eighth Circuit recognized in *Coleman* that "full compliance with Rule 11" requires the court to advise the defendant of "the knowledge-of-status element established by *Rehaif*" or else "determine whether there was a factual basis for finding such knowledge." 961 F.3d at 1027–28. Neither of those things happened at Carter's change-of-plea hearing. Therefore, the Court proceeds to the procedural-default analysis. *See Walker v. United States*, 115 F.3d 603, 605–06 (8th Cir. 1997) (recognizing that an invalid plea could be challenged under § 2255 if the defendant could excuse his procedural default).

[2]Carter argues that plain-error review applies to his motion. ECF No. 70 at 11. He is incorrect. Plain-error review applies on direct appeal. *See, e.g., Coleman*, 961 F.3d
(continued...)

but he does argue that he can establish cause and actual prejudice.  Cause is established by showing that an external, objective factor impeded the defendant's compliance with procedural rules.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Actual prejudice is established if the defendant can show that the error "worked to his *actual* and substantial disadvantage."  *United States v. Frady*, 456 U.S. 152, 170 (1982).

### A.  Cause

Carter concedes that the futility of raising an argument on appeal will not provide cause to excuse procedural default.  ECF No. 78 at 3; *see Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982) ("[F]utility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" (citation omitted)).  He argues, though, that he has established cause because "the sheer novelty of *Rehaif* made this claim not reasonably available to him."  ECF No. 78 at 3 (citing *Reed v. Ross*, 468 U.S. 1 (1984)).[4]

---

[2](...continued)
at 1027.  By contrast, when a defendant (such as Carter) foregoes direct appeal and instead collaterally attacks his sentence, the cause-and-prejudice standard applies.  *United States v. Frady*, 456 U.S. 152, 162–66 (1982).  The cause-and-prejudice standard presents a "significantly higher hurdle" than the plain-error standard.  *Id.* at 166.

[3]Any such claim would be a non-starter.  Actual innocence "means factual innocence, not mere legal insufficiency," *Bousley*, 523 U.S. at 623, which cannot be established on this record.

[4]The novelty of *Rehaif* claims has not been addressed by the Eighth Circuit,
(continued...)

"When determining whether a claim is novel, 'the question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was "available" at all.'" *Wallace v. Lockhart*, 12 F.3d 823, 826 (8th Cir. 1994) (citation omitted). Where "the 'tools were available' for a petitioner to construct the legal argument at the time of the . . . appeals process, then the claim cannot be said to be so novel as to constitute cause for failing to raise it earlier." *McKinnon v. Lockhart*, 921 F.2d 830, 833 (8th Cir. 1990).

On close inspection, Carter's novelty argument is really a futility argument in disguise. According to Carter, the *Rehaif* claim was "universally foreclosed," since the Eighth Circuit and every other circuit to consider the question held that knowledge of status was not required. ECF No. 78 at 3–5; *see also Rehaif*, 139 S. Ct. at 2210 (Alito, J.,

---

[4](...continued)
although the Eleventh Circuit stated that "*Rehaif* was not 'truly novel' in the sense necessary to excuse procedural default." *United States v. Innocent*, 977 F.3d 1077, 1084 (11th Cir. 2020) (citation omitted). District courts have reached different conclusions. *Compare Keller v. United States*, Nos. 3:19-cv-00266, 3:17-cr-00025, 2020 WL 3845024, at *4 (D.N.D. July 8, 2020) (rejecting the novelty exception because knowledge-of-status was a "well-worn issue, which had been 'percolating in the courts for years'" (citation omitted)), *and Ramsey v. United States*, No. 4:19CV2643, 2020 WL 5230891, at *10 (E.D. Mo. Sept. 2, 2020) ("The question presented in *Rehaif* was thoroughly and repeatedly litigated in the courts of appeals over the last three decades, and as such, it does not qualify under the novelty exception."), *with United States v. Fesolai*, No. 2:17-CR-74, 2020 WL 3035346, at *3 (D. Nev. June 5, 2020) (finding cause because "petitioner's counsel could not be expected to invoke the principles in *Rehaif* before the decision's existence"), *and Boulier v. United States*, No. 1:13-cr-00132-JAW, 2020 WL 1930482, at *4 (D. Me. Apr. 21, 2020) (finding cause because *Rehaif* overturned unanimous circuit court precedent).

dissenting) ("[A]ll the courts of appeals to address the question have held that [the knowledge] requirement does not apply to the defendant's status."). But the fact that the Eighth Circuit and nearly every other circuit *rejected* the knowledge-of-status argument—over and over again—is conclusive evidence that the argument was not novel. Hence, Carter is not really arguing that a *Rehaif* claim was novel—i.e., that Rehaif's lawyers came up with an argument that had not occurred to anyone else—but that a *Rehaif* claim would have been futile. *See Ramsey v. United States*, No. 4:19CV2643, 2020 WL 5230891, at *10 (E.D. Mo. Sept. 2, 2020) (discussing previous litigation of the claim underlying *Rehaif*); *cf. United States v. Moss*, 252 F.3d 993, 1002 (8th Cir. 2001) ("[T]he fact that [the *Apprendi* claim] was raised extensively in the past, and explicitly addressed by this court previously, precludes a conclusion that the argument was 'novel' and therefore unavailable because it was intellectually unascertainable."). *But see United States v. Sims*, No. 13-CR-0109(1) (DSD/JSM), 2020 WL 7232254, at *2 (D. Minn. Dec. 8, 2020) (finding cause because *Rehaif* was not reasonably available at time of direct appeal).

Additional factors militate against applying the novelty exception. For example, even after the Eighth Circuit rejected a knowledge-of-status element, appellants continued to challenge the court's interpretation of § 922(g). *See, e.g., United States v. Thomas*, 615 F.3d 895, 899 (8th Cir. 2010) (rejecting knowledge-of-status argument). In

other words, defendants who were in precisely the same position as Carter *did* make a *Rehaif* argument on direct appeal of their convictions—further evidence that the argument was not novel. In addition, the Supreme Court emphasized that its decision in *Rehaif* was based on long-standing principles of criminal law and described cases discussing knowledge-of-status elements in other statutes as "legion." 139 S. Ct. at 2196–97.

Without question, then, the "tools were available" for Carter to challenge the knowledge-of-status requirement at the time of his direct appeal, just as numerous defendants did in the years leading up to *Rehaif*. *McKinnon*, 921 F.2d at 833. As a result, Carter has not established cause.

### B. Actual Prejudice

Even if Carter had established cause, his claim would still fail because he cannot establish actual prejudice. Carter argues that actual prejudice exists because of structural error—and, in any event, that he can show actual prejudice based on the evidence in the record. The Court disagrees with both arguments.

### 1. Structural Error

Carter argues that his defective plea violated his right to due process under the Fifth Amendment, his right to present a defense under the Sixth Amendment, and Fed.

R. Crim. P. 11(b)(1)(G). ECF No. 78 at 6. He contends that such errors are structural and therefore automatically establish actual prejudice. *Id.* at 6–7.

Carter faces an uphill battle in trying to establish structural error. Structural errors arise in a "very limited class of cases," because "most constitutional errors can be harmless." *Neder v. United States*, 527 U.S. 1, 8 (1999) (quotations and citations omitted). Neither the Supreme Court nor the Eighth Circuit has ever "identified a constitutionally invalid guilty plea as structural error." *Coleman*, 961 F.3d at 1029. Further, the Supreme Court held in *Neder* that a jury instruction omitting an element of the crime was not a structural error, because omission of the element did not necessarily "render a trial unfair." 527 U.S. at 9.

Even more problematic for Carter is the Eighth Circuit's specific holding in *Coleman* that *Rehaif* errors are not structural. *Coleman*, 961 F.3d at 1029–30; *see also United States v. Gant*, 973 F.3d 840, 842 (8th Cir. 2020) (reaffirming that *Rehaif* errors are not structural), *petition for cert. filed* (U.S. Jan. 13, 2021) (No. 20-6862). Carter acknowledges *Coleman*, but argues that the Eighth Circuit's structural-error analysis was incomplete, leaving room for this Court to adopt the Fourth Circuit's analysis in *United States v. Gary*, 954 F.3d 194, 202–07 (4th Cir. 2020), *cert. granted*, 2021 WL 77245 (U.S. Jan. 8, 2021) (No. 20-444).

Carter argues that, like the defendant in *Gary*, he has asserted Fifth and Sixth Amendment violations, which distinguishes his case from *Coleman*, where the defendant raised only a Fifth Amendment due-process claim. ECF No. 70 at 13–14. Carter's argument fails, though, because the holding in *Coleman* "does not depend on the particular constitutional theories advanced to demonstrate the plea's invalidity." *United States v. Reed*, No. 18-CR-00143 (SRN/DTS), 2020 WL 6120001, at *3 (D. Minn. Oct. 16, 2020); *see also Sims*, 2020 WL 7232254, at *3 (rejecting structural-error claim based on *Gary*); *Fleming*, 2020 WL 5407911, at *2 (same).

Even if *Coleman* had been limited to a particular constitutional theory, the Court would nevertheless reject Carter's argument. In *Gary*, the Fourth Circuit identified three reasons why it regarded *Rehaif* errors as structural. 954 F.3d at 202–07. Two of those rationales were rejected in *Coleman*. First, the Fourth Circuit argued that a *Rehaif* error results in unquantifiable harm—an argument that was explicitly rejected by the Eighth Circuit in *Coleman*. *Compare Gary*, 954 F.3d at 206, *with Coleman*, 961 F.3d at 1029–30. Second, the Fourth Circuit reasoned that constitutionally invalid guilty pleas are always fundamentally unfair—another argument that was explicitly rejected by the Eighth Circuit in *Coleman*. *Compare Gary* 954 F.3d at 206–07, *with Coleman*, 961 F.3d at 1029 ("Neither the Supreme Court nor this court has ever identified a constitutionally invalid guilty plea as structural error.").

That leaves the third reason given by the Fourth Circuit for holding that the Sixth Amendment error was structural: According to the Fourth Circuit, the trial judge's failure to inform the defendant of the knowledge-of-status element undermined the defendant's "autonomy right" to make choices about his own defense. *Gary*, 954 F.3d at 205–06. *Coleman* does not explicitly address this issue.[5] But the Tenth Circuit convincingly rebutted this rationale in *United States v. Trujillo*, 960 F.3d 1196, 1206 (10th Cir. 2020), *petition for cert. filed* (U.S. Oct. 29, 2020) (No. 20-6162). The Tenth Circuit reasoned that a "court's omission of an element of the offense during a plea colloquy does not transform the defendant's decision to plea from his own choice to that of his counsel or the court." *Id.* Because "the defendant chose to plea on his own accord—and was not coerced, threatened, or forced to plea—[the court could not] say the defendant's strategy was not his own." *Id.*

The Tenth Circuit's reasoning in *Trujillo* best squares with the Supreme Court's holding in *Neder* that omitting an element in a jury instruction was harmless error, with the Eighth Circuit's decisions in *Coleman* and *Gant*, and with the Supreme Court's oft-repeated observation that most constitutional errors are harmless. The Court therefore rejects Carter's structural-error argument. Carter does not allege that he was forced to

---

[5] As the government points out, the Eighth Circuit cited *Gary* in a footnote in *Coleman*, indicating that the court may have considered and rejected all of the case's rationales. *See Coleman*, 961 F.3d at 1029 n.3. But *Coleman* does not explicitly address the Sixth Amendment analysis in *Gary*.

plead guilty; in fact, he testified to the contrary at the change-of-plea hearing. And this Court's failure to discuss the knowledge-of-status element did not undermine Carter's free choice to plead guilty or somehow violate his "autonomy rights." The Court therefore finds that the *Rehaif* errors that Carter alleges are not structural.[6]

### 2. Knowledge of Felony Status

Carter asserts that even if a *Rehaif* error is not structural, he can show "a reasonable probability" that without the error, he would not have entered a guilty plea. ECF No. 70 at 14 (quotations and citation omitted). Carter relies on the fact that, although he had been convicted of four felonies and sentenced to more than one year in prison with respect to three of those convictions, he actually *served* more than a year in prison with respect to only one conviction—a sentence that stemmed from a juvenile offense with a complex procedural history. This, says Carter, gave him "'reasonable grounds on which to contest his knowledge of his prohibited status to a jury.'" *Id.* at 17 (quoting *United States v. Jawher*, 950 F.3d 576, 580 (8th Cir. 2020)).

---

[6]Other circuit courts, in addition to the Eighth and Tenth Circuits, have also held that *Rehaif* errors are not structural. *See United States v. Hicks*, 958 F.3d 399, 401–02 (5th Cir. 2020), *petition for cert. filed* (U.S. Oct. 8, 2020) (No. 20-5959); *United States v. Watson*, 820 F. App'x 397, 400 (6th Cir. 2020), *petition for cert. filed* (U.S. Oct. 22, 2020) (No. 20-6109); *United States v. Maez*, 960 F.3d 949, 957–58 (7th Cir. 2020). It appears that only the Fourth Circuit has held otherwise—and the Supreme Court has recently decided to review *Gary*.

The Court disagrees. It is true, as Carter points out, that there is no "affirmative acknowledgment of felony status" on the record. ECF No. 78 at 9. But a defendant's clear admission that he knew that he was a felon is not necessary to satisfy the knowledge-of-status requirement. To the contrary, the Court in *Rehaif* noted that knowledge of status "can be inferred from circumstantial evidence." 139 S. Ct. at 2198 (quotations and citation omitted).

There is ample circumstantial evidence to prove that Carter knew that he had been convicted of at least one felony. As noted, Carter had been convicted of four felonies before he possessed the gun that led to the instant conviction. Unless the trial judge, defense attorney, and prosecutor in each of the four cases ignored Minnesota law, Carter was informed of the maximum sentence for each of those offenses before he pleaded guilty. *See* Minn. R. Crim. P. 15.01, subd. 1 (requiring a judge to tell the defendant and ensure that the defendant understands "[t]he maximum penalty the judge could impose for the crime charged" before the judge accepts a guilty plea). So Carter almost certainly knew that he had been convicted of four crimes for which he could be imprisoned for more than one year.

Moreover, in three of the four cases, Carter was *sentenced* to more than one year in prison. First, Carter was convicted of simple robbery in July 2008, and was sentenced to 36 months in prison, stayed for ten years. After multiple probation violations,

Carter's 36-month sentence was executed in July 2014. ECF No. 48 ¶ 31. Second, Carter was convicted of check forgery in September 2010 and was sentenced to a stay of imposition, 30 days of imprisonment, and five years' probation. *Id.* ¶ 33. After multiple probation violations, in July 2013 Carter was sentenced to 12 months and one day, stayed for four years. This sentence was executed in September 2014, and Carter served it concurrently with his simple-robbery conviction. *Id.* And third, Carter was convicted of aiding and abetting aggravated robbery in May 2014, and he was subsequently sentenced to 68 months stayed 20 years, 142 days in prison, and probation. *Id.* ¶ 39. Carter was also convicted of check forgery in February 2013, and was sentenced to one year in jail stayed two years. *Id.* ¶ 36.

Three of these four felonies were identified in the plea agreement, and all four were discussed in detail in the PSR, to which Carter did not object. *See* ECF No. 43 at 2; ECF No. 48 ¶¶ 31–39; ECF No. 67 at 3:2–10; *see also United States v. May*, 413 F.3d 841, 849 (8th Cir. 2005) ("[A] district court may regard as true facts contained in the presentence report to which no specific objection is made."). In addition, Carter's own sentencing memorandum concedes that he "*served* 19 months on his Simple Robbery conviction from 2008." ECF No. 54 at 8 (emphasis added). Despite the complex

CASE 0:17-cr-00141-PJS-BRT   Doc. 79   Filed 02/03/21   Page 14 of 16

procedural posture of a couple of Carter's previous convictions, Carter obviously knew that he spent 19 months in jail in connection with one of his felony convictions.[7]

Had Carter taken his case to trial, there is almost no chance that a jury would have believed that he did not know that he was a felon at the time that he was caught possessing a firearm.  And thus Carter cannot establish actual prejudice because he cannot show that "'but for the constitutional violations . . . he might not have been convicted of the same crimes.'"  *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999) (quoting *Easter v. Endell*, 37 F.3d 1343, 1347 (8th Cir. 1994)); *see also O'Rourke v. Endell*, 153 F.3d 560, 570 (8th Cir. 1998) (requiring the defendant to show a "reasonable probability" that the outcome "would have been different" to establish actual prejudice (quotations and citation omitted)); *Clay v. United States*, No. 20-1232, 2021 WL 192778, at *1 (8th Cir. Jan. 20, 2021) (finding no prejudice when petitioner admitted in plea agreement and at plea hearing that he was convicted of a crime punishable by more than one year in prison and plea agreement outlined four such crimes); *United States v. Brooks-Davis*, 984 F.3d 695, 699 (8th Cir. 2021) (finding knowledge-of-status element satisfied when the petitioner received "a stayed sentence of more than one year imprisonment on at least *three* separate occasions," even though he never served more

---

[7]Carter's admission in his sentencing memorandum also undercuts his assertion that the fact that the dates in the PSR and plea agreement do not match perfectly is a "less-than-straightforward circumstance[]" creating a probability of a different result. ECF No. 70 at 17.

-14-

than a year in prison); *Sims*, 2020 WL 7232254, at *4 ("Sims's knowledge of his felon status may be inferred from the fact that . . . Sims had spent more than one year in prison on multiple occasions based on his previous felony convictions."). The Court therefore finds that Carter has not established actual prejudice.[8]

Since Carter can establish neither cause nor actual prejudice, the Court cannot excuse his procedural default, and his motion to vacate his sentence under § 2255 must be denied.[9]

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

---

[8]Carter argues that "nothing in the record establishes that [he] considered and rejected any potential *Rehaif* defenses." ECF No. 70 at 16. But the Eighth Circuit rejected a similar argument in *United States v. Crumble*, 965 F.3d 642 (8th Cir. 2020). "Merely identifying a defense theory—a possibility—is not sufficient to show a reasonable *probability* of success without any evidence that the defense theory would, in fact, apply in this case." *Id.* at 645; *see also United States v. Caudle*, 968 F.3d 916, 922 (8th Cir. 2020) ("The lack of a plausible ignorance defense means that any § 922(g) defendant who served more than a year in prison on a single count of conviction will face an uphill battle to show that a *Rehaif* error in a guilty plea affected his substantial rights." (quotations and citation omitted)).

[9]The Court also declines to issue a certificate of appealability, because Carter has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Further, the Court does not find that the issues Carter has raised "are debatable among reasonable jurists." *Garrett v. United States*, 211 F.3d 1075, 1077 (8th Cir. 2000) (per curiam) (quotations and citation omitted).

1. The motion of defendant Devonte Lee Carter to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF No. 70] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  February 3, 2021                                 s/Patrick J. Schiltz
                                                        Patrick J. Schiltz
                                                        United States District Judge